```
 1  JOHNSON & PHAM, LLP
    Christopher D. Johnson, SBN: 222698
 2       E-mail: cjohnson@johnsonpham.com
 3  Christopher Q. Pham, SBN: 206697
         E-mail: cpham@johnsonpham.com
 4  Marcus F. Chaney, SBN: 245227
 5       E-mail: mchaney@johnsonpham.com
    6355 Topanga Canyon Boulevard, Suite 115
 6  Woodland Hills, California 91367
 7  Telephone:  (818) 888-7540
    Facsimile:   (818) 888-7544
 8
 9  Attorneys for Plaintiff
    DECKERS OUTDOOR CORPORATION
10
```

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, | Case No.: CV09-08122 DDP (PLAx) |
|---|---|
| Plaintiff, | **PERMANENT INJUNCTION PURSUANT TO STIPULATION** |
| vs. | |
| CAROLYN MARKLEY, an Individual, and Does 1-10, Inclusive, | |
| Defendants. | |

The Court, having read and considered the Stipulation for Permanent Injunction that has been executed by Plaintiff DECKERS OUTDOOR CORPORATION ("Plaintiff") and Defendant CAROLYN MARKLEY ("Defendant") in this action:

- 1 -
**[PROPOSED] PERMANENT INJUNCTION PURSUANT TO STIPULATION**

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2. Service of process was properly made on the Defendant.

3. Plaintiff owns or controls the pertinent rights in and to, among others, the following intellectual properties (hereinafter the "Intellectual Property"):

| Intellectual Property: | Registration No.: | Registration Date: |
|---|---|---|
| UGG (Trademarks) | 3412734 | April 15, 2008 |
| | 3360442 | December 25, 2007 |
| | 3166352 | October 31, 2006 |
| | 3166351 | October 31, 2006 |
| | 3166350 | October 31, 2006 |
| | 3061278 | February 21, 2006 |
| | 3050925 | January 24, 2006 |
| | 3050903 | January 24, 2006 |
| | 3050902 | January 24, 2006 |
| | 3050865 | January 24, 2006 |

| | | |
|---|---|---|
| Sun Logo (Trademark) | 2314853 | February 1, 2000 |
| ORIGINAL UGG BOOT UGG AUSTRALIA (Trademark) | 1460992 | October 13, 1987 |
| BABY UGGS (Trademark) | 2624802 | September 24, 2002 |
| UGG Brand label (Copyrights) | VA0001669403<br><br>VA0001675093<br><br>VAu000664303 | May 6, 2009<br><br>July 9, 2009<br><br>March 25, 2005 |

4.  Plaintiff alleges that Defendant has made unauthorized uses of the Intellectual Property or substantially similar likenesses or colorable imitations thereof.

5.  Defendant and her agents, servants, employees, officers, directors, subsidiaries, affiliated companies, and all persons in active concert and participation with her who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from selling any and all products embodying the Intellectual Property in any manner, including generally, but not limited to, manufacture, importation, distribution, shipping, advertising, selling and/or offering for sale any counterfeit products using, bearing or embodying any of the Intellectual Property or any objects, marks, products

confusingly similar to the Intellectual Property ("Unauthorized Products"), and specifically:

    i)    Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Unauthorized Products;

    ii)    Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Intellectual Property;

    iii)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the Unauthorized Products sold by Defendant, or Defendant herself is connected with Plaintiff, is sponsored, endorsed, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

    iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such Unauthorized Products as being those of Plaintiff.

6. Defendant is ordered to deliver immediately for destruction all Unauthorized Products, including UGG® footwear and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of the Intellectual Property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all

plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

7. This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8. The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9. The Court shall dismiss the entire action with prejudice with each party bearing its own costs and attorneys' fees incurred to date.

10. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

11. This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: April 06, 2010

_____
HON. DEAN D. PREGERSON
United States District Judge